IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| WILLIE ANTOINE REDD,<br><br>Plaintiff,<br><br>vs.<br><br>YELLOWSTONE COUNTY,<br><br>Defendant. | CV 22-148-BLG-SPW<br><br><br>ORDER |

Plaintiff Willie Antoine Redd, a pretrial detainee, filed a Complaint pursuant to 42 U.S.C. § 1983. (Doc. 2.) On January 6, 2023, Mr. Redd filed an Amended Complaint. (Doc. 6.) Liberally construed, Mr. Redd alleges his right to due process was violated when he was denied an initial appearance in his state criminal proceedings. (*Id.* at 2-3.)

Mr. Redd is a prisoner proceeding in forma pauperis; accordingly this Court must review his Complaint. *See* 28 U.S.C. § 1915 and § 1915A. These provisions require the Court to dismiss a complaint filed in forma pauperis and/or by a prisoner against a governmental defendant before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* Sections 1915A(b) and 1915(e)(2)(B).

1

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under modern pleading standards, Rule 8 requires a complaint to "contain a sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The *Iqbal/Twombly* "facial plausibility" standard is met when a complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (*citing Twombly*, 550 U.S. at 556). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than…unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. (internal quotation marks omitted).

The Court liberally construes the pleading to determine whether a case should be dismissed for failure to plead sufficient facts to support a cognizable legal theory or for the absence of a cognizable legal theory. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable factual and legal basis. *See Jackson v. Arizona*, 885 F. 2d 639, 640 (9th Cir. 1989)(discussing Federal Rule of Civil Procedure 12(b)(6)), *superseded on other grounds by Lopez v. Smith*, 203 F. 3d 1122 (9th Cir. 2000).

//

i.  **Factual Allegations**

Mr. Redd is currently incarcerated at the Yellowstone County Detention Center facing state criminal charges, including Aggravated Assault; it also appears he is being held pursuant to a federal detainer.[1] Mr. Redd indicates he was arrested sometime prior to February 18, 2021, the date on which the information was filed in his criminal case, *State v. Redd*, DC 21-0218. (Doc. 6 at 2.) Mr. Redd states he was never afforded an initial appearance as provided for by state law, instead his first court appearance was at his arraignment held on May 24, 2021. (*Id*.) Mr. Redd asserts the denial of an initial appearance violated his Fourteenth Amendment right to Due Process. (*Id*. at 3.) Mr. Redd seeks declaratory relief and compensatory damages. (*Id*.)

ii.  **Analysis**

This Court will decline to intervene in Mr. Redd's state proceedings under the *Younger* abstention doctrine. Federal courts cannot interfere with pending state criminal proceedings, absent extraordinary circumstances which create a threat of irreparable injury. *Younger v. Harris*, 401 U.S. 37, 45-46 (1971). Irreparable injury does not exist in such situations if the threat to plaintiff's federally protected rights may be eliminated by his defense of the criminal case. Moreover, "even irreparable

---

[1] See Yellowstone County Inmate Search: https://www.yellowstonecountymt.gov/sheriff/detention/inmatesearch.asp (accessed January 3, 2023).

injury is insufficient [to permit interference with the proceeding] unless it is 'both great and immediate.' " *Id*. at 46 (quoting *Fenner v. Boykin*, 271 U.S. 240, 243- (1926)). "The *Younger* doctrine was borne of the concern that federal court injunctions might unduly hamper a state in its prosecution of criminal laws." *Miofsky v. Superior Court*, 703 F.2d 332, 336 (9th Cir. 1983).

*Younger* abstention is appropriate when the following factors are satisfied: "(1) there is an ongoing state judicial proceeding; (2) the proceeding implicate[s] important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seek[s] to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding." *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (citation and internal quotations omitted). A claimant may avoid application of the *Younger* abstention doctrine by demonstrating that there is bad faith, harassment, or some other extraordinary circumstance where irreparable injury can be shown. *See Perez v. Ledesma*, 401 U.S. 82, 85 (1971). In practical terms, the *Younger* doctrine means that " 'only in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts.' " *Carden v. Montana*, 626 F.2d 82, 83-84 (9th Cir. 1980) (*quoting Drury v. Cox,* 457 F.2d 764, 764-65 (9th Cir. 1972)).

This Court's intervention in Mr. Redd's ongoing criminal case is barred by *Younger*. Following a review of the complaint, the Court finds all criteria for *Younger* abstention are met in the present case. First, Mr. Redd is a pre-trial detainee and, by his own admission, his state case is currently pending. Thus, the matter is ongoing. Second, Mr. Redd's criminal proceedings implicate Montana's important interest in the order and integrity of its criminal proceedings. *See Kelly v. Robinson*, 479 U.S. 36, 49 (1986) ("the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief"). Third, Mr. Redd has not demonstrated an inability to raise his constitutional challenges in his state proceedings. He may raise his claims at trial or, if necessary, on appeal. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987) ("[A] federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary."). Finally, granting relief in the instant matter would have the practical effect of enjoining Mr. Redd's ongoing state proceeding. He has not shown irreparable injury will occur without this Court's intervention or demonstrated any other extraordinary circumstance. Because there is no compelling reason for this Court to intervene, it will abstain; *Younger* provides a basis for dismissal.

28 U.S.C. §§ 1915 and 1915A require the dismissal of a complaint that fails to state a claim upon which relief may be granted but do not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The Court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d. at 1127 (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (*citing Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)).

The *Younger* doctrine directs this Court's abstention. The ongoing nature of Mr. Redd's state criminal proceedings is not an issue which could be cured by amendment. Thus, leave to amend would be futile. This matter will be dismissed.

Based upon the foregoing, the Court issues the following:

## ORDER

1. This matter is DISMISSED. The Clerk of Court is directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2.  The Clerk of Court is directed to have the docket reflect that the Court certifies that, pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure, any appeal of this decision would not be taken in good faith.

DATED this 10th day of January, 2023.

>    */s/ Susan P. Watters*
>    Susan P. Watters
>    United States District Court